UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                     :
PAUL RYAN DOUGLAS,                   :
                                     :
          Petitioner,                :      Civ. No. 20-3284 (NLH)
                                     :
     v.                              :      OPINION
                                     :
DAVID E. ORTIZ,                      :
                                     :
          Respondent.                :
_____:


APPEARANCE:

Paul Ryan Douglas
56919-004
Fort Dix FCI
P.O. Box 2000
Joint Base MDL, NJ 08640

     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Paul Ryan Douglas, a prisoner presently confined

at FCI Fort Dix, New Jersey, filed this petition for writ of

habeas corpus under 28 U.S.C. § 2241 challenging his conviction.

ECF No. 1.  For the reasons that follow, the Court will dismiss

the petition for lack of jurisdiction.

I.   BACKGROUND

     A jury in the Southern District of New York convicted

Petitioner of killing a person in connection with an attempt to

enter a bank with intent to commit a crime therein, 18 U.S.C. §§ 2113(a), (e).  United States v. Douglas, No. 7:04-cr-1065 (S.D.N.Y. May 5, 2006) (ECF No. 60).[1]  He was sentenced to life imprisonment.  Id.  Petitioner appealed to the United States Court of Appeals for the Second Circuit challenging the dismissal of one of his two appointed attorneys, denial of his Batson[2] motion during jury selection, errors in connection with the eyewitness identification evidence, and evidence that was allegedly obtained in violation of his privilege against self-incrimination.  United States v. Douglas, 525 F.3d 225, 229 (2d Cir. 2008).  The Second Circuit affirmed the conviction.  Id. at 255.  The Supreme Court denied certiorari.  Douglas v. United States, 555 U.S. 1033 (2008).

Petitioner subsequently filed a motion to correct, vacate, or set aside his conviction and sentence under 28 U.S.C. § 2255. Douglas, No. 7:04-cr-1065 (S.D.N.Y. Nov. 13, 2009) (ECF No. 60). He argued that his trial and appellate counsels had been ineffective and that his Fifth Amendment due process right had been violated.  Id. (July 22, 2011) (ECF No. 84).  The trial court denied the § 2255 motion.  Id.

---

[1] The Court takes judicial notice of the public filings in Petitioner's criminal case.

[2] Batson v. Kentucky, 476 U.S. 79 (1986).

Petitioner filed this § 2241 petition challenging the validity of his conviction.  ECF No. 1.  He asserts § 2255 "is unable to address the execution structural impairment in the conviction, caused by the Trial court's abrid[g]ment of constitutional safeguards and fundamental guarantees, secured in the 5th, 6th, and 10th Amendments to the Constitution of the United States."  Id. at 4-5.

II.  DISCUSSION

A.  Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal court must dismiss a habeas corpus petition without the filing of an answer "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court . . . ."  28 U.S.C. § 2254 Rule 4 (made applicable by Rule 1(b)).

    B.  <u>Analysis</u>

    Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001).  A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  <u>See</u> <u>Jackman v. Shartle</u>, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  <u>Snyder v. Dix</u>, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); <u>see also</u> <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).

    Petitioner was convicted of attempting to steal money from a Citibank ATM and killing the ATM repair technician that had been depositing cash into the machine.  He asserts that § 2255 cannot adequately address his conviction and that he is actually innocent of his § 2113(a) conviction because "Congress explicitly requires that a defendant to have physically 'entering' [sic] of the bank, or to physically attempted to

4

enter the bank.  Where there [is] no evidence of defendant's entering or attempted enter the bank there [is] no federal crime."  ECF No. 1 at 7.  He also argues the federal court lacked jurisdiction over the alleged crime because "the sovereignty of Police Powers belongs to the state as guaranteed by the 10th Amendment, and 9th Amendment secured state citizens from federal and state joint Police powers inconsistent to constitutional law provisions."  Id. at 7.  He asserts that his right to counsel was violated after one of his court-appointed attorneys was dismissed.[3]  Id. at 7-8.

The Court lacks jurisdiction over these claims in a § 2241 petition because § 2255 is not ineffective or inadequate to address them.  The Third Circuit has stated that § 2255 is only ineffective or inadequate when (1) there is "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal ... in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'"  Bruce v. Warden

---

[3] In accordance with 18 U.S.C. § 3005, the trial court appointed two attorneys for Petitioner due to the potential death sentence in 18 U.S.C. § 2113(e).  The trial court dismissed the second attorney after the United States informed the court and Petitioner it would not seek the death penalty.  Douglas, 525 F.3d at 235-36.

Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United
States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)); see also In
re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Petitioner's claims
were either raised or could have been raised during his direct
appeal and § 2255 proceedings.  "Importantly, § 2255 is not
'inadequate or ineffective' merely because the sentencing court
has previously denied relief."  Brewer v. Moser, No. 3:20-1204,
2020 WL 7773758, at *1 (M.D. Pa. Dec. 30, 2020).

Petitioner claims he is "actually innocent" because the
Supreme Court's decision in Rehaif v. United States, 139 S. Ct.
2191 (2019), invalidates his conviction.  In Rehaif, the Supreme
Court held that "the Government must prove both that the
defendant knew he possessed a firearm and that he knew he
belonged to the relevant category of persons barred from
possessing a firearm" to obtain a conviction under 18 U.S.C. §
922(g).  Id. at 2200.  Petitioner argues that "a conviction
that are not found on the statutory element(s) is a
constitutional unlawful conviction, and cannot stands as a vilad
[sic] conviction."  ECF No. 1 at 19.

Petitioner argues that the United States failed to prove he
"entered" or "attempted to enter" a building or bank with the
intent to commit a crime.  Id. at 19.  This argument could have
been made on direct appeal.  Rehaif did not alter the elements
of § 2113(e) such that this Court could review Petitioner's

6

conviction under § 2241.  Accordingly, the Court will dismiss the petition for lack of jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Second Circuit.  28 U.S.C. §§ 2244, 2255(h).  The Court finds that it is not in the interests of justice to transfer this habeas petition to the Second Circuit as it does not appear that Petitioner can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion.  Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Second Circuit's permission to file on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, the petition will be dismissed for lack of jurisdiction.

An appropriate order will be entered.


Dated:  April 23, 2021                    s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.